JOSEPH P. RUSSONIELLO  (CSBN44332)
United States Attorney
THOMAS MOORE (ASBN 4305-O78T)
Assistant United States Attorney
Chief, Tax Division
  10th Floor Federal Building
  450 Golden Gate Avenue, Box 36055
  San Francisco, California 94102
  Telephone:  (415) 436-7017
  Fax:        (415) 436-6748

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | No.  CR-07-00554-JF |
| Plaintiff,  ) | |
|   ) | **GOVERNMENT'S SENTENCING** |
| v.  ) | **MEMORANDUM** |
|   ) | |
| DOMINIC CHANG,  ) | |
|   ) | DATE:    July 9, 2008 |
| Defendant.  ) | TIME:    9:00 a.m. |
|   ) | |

The Presentence Investigation Report (PIR) computes the total offense level to be 13 (offense level 15 with a 2 point reduction for acceptance of responsibility), with a Criminal History category of I.  The PIR recommends no sentence of imprisonment, no fine, probation of 4 years and restitution for the amount of the tax loss, $163,498.

For the reasons set forth below, the United States respectfully urges the Court to sentence defendant Chang to a significant term of  imprisonment of at least 12 months and a significant fine of at least $3,000.

**I.	Introduction**

The criminal tax laws are designed to protect the public interest in preserving the integrity of the nation's tax system.  Criminal tax prosecutions serve to punish the violator and promote respect for the tax laws.  The sentence for the criminal tax scofflaw must be commensurate with the gravity of the offense, and should act as a deterrent to other potential violators.  This case

cries out for the significant term of imprisonment, as well as a substantial fine, because of the seriousness of defendant Chang's crimes.

For more than six years Chang engaged in a campaign of criminal tax conduct combining concealment with lies to his tax return preparer during preparation of the 1999, 2000 and 2001 tax returns. Chang followed up those lies by filing, under penalty of perjury, the fraudulent tax returns. After filing the fraudulent tax returns he took further steps to conceal his tax evasion by first lying to the IRS Revenue Agent who conducted a civil examination of his returns. Next, Chang lied to the IRS Special Agents who were investigating his criminal tax violations. By these means, Chang escaped paying his 1999, 2000, and 2001 income tax of $163,498. Chang also refused to sign his 2002 and 2003 tax returns because "the taxes are too high."[1]

The sentencing guidelines call for a term of imprisonment of 12 to 18 months and a fine of $3,000 to $30,000.

**II.     The Serious Nature of Chang's Offense Conduct**

Title 18, U.S.C. § 3553(a)(1), requires that "the nature and circumstances of the offense" be considered in sentencing. As detailed below, the nature and circumstances of defendant Chang's offenses demonstrate that his crime is a "garden variety" tax evasion case, but one in which he compounded those crimes by lying to IRS agents which constitutes separate crimes of making false statements. 18 U.S.C. § 1001.

A.     <u>Significant Loss Attributable To Chang's Misconduct</u>

Chang plead guilty to three counts of federal tax evasion for the years 1999, 2000, and 2001, in violation of 26 U.S.C. § 7201. To determine the total tax loss attributable to these offenses, "all conduct violating the tax laws should be considered as part of the same course of conduct or common scheme or plan unless the evidence demonstrates that the conduct is clearly unrelated." U.S.S.G. § 2T1.1, Note 2. As determined by the Probation Office, the amount of

---

[1] IRS Special Agent Report "SAR") p.4.

income Chang refused to report and the corresponding amount of tax he escaped paying is very large:"[2/]

| Tax Year | Adjusted Gross Income | Corrected Tax Liability | Tax Per Original Return | Unpaid Income Tax Liability Per Revenue Agent Report |
|---|---|---|---|---|
| 1999 | $60,411 | $21,746 | $804 | $20,942 |
| 2000 | $196,089 | $67,074 | $2,442 | $64,632 |
| 2001 | $228,086 | $80,924 | $3,000 | $77,924 |
| Total | $484,585 | $169,744 | $6,246 | **$163,498** |

The Court should be aware that Chang's adjusted gross income of $228,086 placed him in the top 2% of all income producers in the United States in 2001. See Exhibit 2. Chang's adjusted gross income of $196,089 placed him in the top 8.4% of all income producers in the United States in 2000. See Exhibit 3. And his adjusted gross income of $60,411 placed him in the top 26.8% of all income producers in the United States in 1999. See Exhibit 4.

B.   Chang Obstructed the IRS Through his Material False Statements

Chang brazenly waged a campaign against the IRS with series of lies. These lies included:

- Filing three false tax returns under penalty of perjury on which he reported and paid only $6,246 of the $169,744 tax he truly owed.
- Submitting false financial information and lying to his tax return preparer.
- Lying to the IRS Revenue Agent during the civil audit of the false tax returns.
- Lying to the IRS Special Agents during the criminal investigation of the false tax returns.

C.   Summary

In sum, Chang's wilfully evaded federal income taxes of $63,418 for the 1999, 2000, and 2001 tax years. During Chang's 6 year effort to conceal his tax evasion from the IRS he deliberately lied to his tax return preparer on at least the 3 occasions when his return were

---

[2/] Presentence Investigation Report ("PSR") ¶ 70. References to the PSR are to the version provided to counsel on May 2, 2008. And government's Exhibit 1.

prepared, once to the IRS civil Revenue Agent and then to the IRS Special Agents. It was not until the Special Agents confronted him with evidence of his crime did he temporally stop his efforts to evade the payment of his taxes.

However, once Chang and his wife realized he would be held accountable for his crime, they took steps to prevent the IRS from collecting the evaded his taxes by obtaining a divorce, thereby insuring the IRS would not be able collect the taxes from Chang's community interest in his wife's income. PSI ¶ 41. Not content with disposing of his community property interest in his wife's income by divorce, he transferred ownership of his business (which had gross receipts of $708,982 from 1999 to 2001) to his ex-wife (PSI ¶ 58) with whom Chang and his mother still live despite the divorce (PSI ¶44) and even though Chang's mother is mad at him because he was caught cheating on his taxes (PSI ¶ 43) . As noted in the PSI such alleged ownership transfer defrauds not only the United States, but also the City of Milpitas which prohibits the alleged transfer. PSI ¶ 58. Such additional efforts to evade the payment of his taxes requires this court to impose the a significant term of imprisonment as it is apparent that Chang's primary motive is to deny the IRS the payment of his taxes.

### III.     Deterrence

    A.     <u>General Deterrence - Respect For the law</u>

General deterrence is one of the prescribed goals of every sentencing, **United States v. Pugh**, 515 F.3d 1179,1194 (11th Cir. 2008), but it occupies an especially important role in sentencing for criminal tax offenses, because criminal tax prosecutions are relatively rare:

> The criminal tax laws are designed to protect the public interest in preserving the integrity of the nation's tax system. Criminal tax prosecutions serve to punish the violator and promote respect for the tax laws. Because of the limited number of criminal tax prosecutions relative to the estimated incidence of such violations, deterring others from violating the tax laws is a primary consideration underlying these guidelines. Recognition that the sentence for a criminal tax case will be commensurate with the gravity of the offense should act as a deterrent to would-be violators.

U.S.S.G. ch 2, pt. T, introductory cmt. <u>See also</u> **United States v. Burgos**, 276 F.3d 1284, 1290 (11th Cir. 2001) (observing "[f]or a judge sentencing a defendant convicted of tax evasion, the chief concern may be general deterrence").

Gov't Sentencing Mem.
(No. CR-07-00554-JF)                                        4

A term of imprisonment should be imposed against Chang to deter others and to promote respect for the law. Chang not only committed tax evasion over the course of 3 years, but he made materially false statements to IRS agents during 2 tax investigations. The first IRS investigation of Chang was a civil investigation in which he lied to the civil Revenue Agent by stating the bank account in which he concealed the evaded income contained only his sister's funds. PSI ¶ 10. Next, he lied to the IRS Special Agents in the criminal investigation by claiming the bank account at issue was closed when an earlier business he operated was closed. PSI ¶ 10. He also lied to the Special Agents by telling them he was not sure if he told his tax return preparer about the hidden bank account. PSI ¶10.

The Sentencing Recommendation that no term of imprisonment or fine be imposed, does not promote deterrence. Instead it fosters a belief that tax crimes are not serious, that they are inconsequential. Such a sentence cries out that this Court tolerates lies to investigating agents. It also promotes the cynical belief that justice system punishes only the poor, but gives a pass to high income individuals such as Chang whose income placed him in the top 26%, 8.4% and 2% of all income producers during the years at issue. And finally it promotes gambling with tax returns. A game of chance with high rewards. Until Chang was caught he evaded 96 percent of his tax bill by paying only $6,246 of the $169,744 he owes to the United States A game of chance with little or no risk, in which the only consequence to losers is to pay the civil tax debt. The recommend sentence does not foster deterrence or respect for the law. The recommend sentence will encourage tax cheats to gamble that the IRS will not catch them, but even if caught there is no risk as the Courts will not hold them accountable, but simply catch-and-release them like an endangered species which must be protected and encouraged.

Accordingly, this Court should send a message that Chang did not "beat the pap." The troubling implication of a no time, no fine sentence, to the average citizens who is aware or becomes aware of this case will be that Chang has "gotten away with it." In the end, the criminal conduct of Chang must not be seen in such a light, or else general deterrence -- "the effort to discourage similar wrongdoing by others through a reminder that the law's warnings are real and that the grim consequence of imprisonment is likely to follow" -- will not be achieved. **United**

States v. Bergman, 416 F. Supp. 496, 499 (S.D.N.Y. 1976).  There is, unfortunately, a profound need to discourage others from emulating Chang's crimes.

General deterrence in this case depends upon the public seeing some consequence for Chang's lies and tax evasion.  General deterrence is achieved only if Americans who do honestly file and pay their taxes are assured that tax scofflaws like Chang will be imprisoned once convicted for their crimes.

The importance of imprisonment in tax cases was highlighted in **United States v. Ture**, where the Eighth Circuit vacated a non-prison sentence in a $250,000 tax evasion case because the district court "failed to consider the importance of a term of imprisonment to deter others from stealing from the national purse."  450 F.3d 352, 358 (8th Cir. 2006).  The admonition of the Court of Appeals in Ture applies: "the goal of deterrence rings hollow if a prison sentence is not imposed in this case." Id.

B.   Specific Deterrence of Chang From Further Crimes

Another important goal of criminal sentencing is protect the public "from further crimes of the defendant." 18 U.S.C. 3553(a)(2).  No efforts by the government to date have deterred Chang from carrying on his campaign of tax cheating.  However, Chang has not yet been sent to prison.  A substantial term of imprisonment will serve to deter Chang from persisting in his failure to meet his tax obligations.

He intentionally violated a known legal duty to pay taxes of $163,498, which is less than 6 percent of the $3,000,000 to $4,000.000 which he claims he have lost gambling.  Despite being caught by the IRS trying to evade his taxes, Chang continues to make extraordinary efforts to evade the payment of those taxes.  Chang and his spouse divorced in 2005 to prevent the IRS from collecting the unpaid taxes from Chang's community interest in his wife's property and future income. PSI, ¶ 57.  While divorce is a legal and effective means of precluding the IRS from collecting Chang's unpaid taxes from his community property interests in his spouse's future income, it shows the steps he will still take to evade the payment of  taxes.  To this day and despite the divorce, both Chang and his angry mother continue to live with Chang's ex-wife who is now is "girlfriend" and his "boss." PSI ¶ 43-44, 57-61.  Thus, not only did Chang and his

wife divorce to avoid the payment or collection of his taxes, but Chang placed his business in her name to stymie the IRS collection efforts. This transfer of the business, after the divorce, to the ex-wife, with whom he continues to live, is further evidence of the steps he will take to avoid the payment of his taxes. This transfer is even more troubling in light of the defendant's apparent admission that the business license continues in his name because Milpitas will not allow its transfer to his ex-wife due to Milpitas' environmental protection policies prohibiting its transfer. PSI ¶ 58. These actions by the defendant and his ex-spouse appear to be made for the purpose of evading payment of taxes and should be considered as badges of fraud.[3/]

The preceding paragraphs outline the overt aspects of Chang's campaign to thwart the IRS. In sum, it appears that neither the IRS civil audit nor the criminal investigation were sufficient to deter Chang from cheating on his taxes. Accordingly, a substantial term of imprisonment is needed to impress upon Chang the unlawfulness of his conduct.

**IV.    Other Sentencing Factors**

   A.    <u>Substantial Imprisonment of Chang Will Avoid Sentencing Disparity</u>

Title 18, U.S.C. § 3553(a)(6), provides that one of the factors to be considered in sentencing is "the need to avoid unwarranted sentence disparity among defendants with similar records who have been found guilty of similar conduct." To avoid unwarranted disparity in sentencing, Chang should be sentenced to a substantial term of imprisonment. When the sentencing guidelines were promulgated, the goals included reducing the sentencing disparity between tax offenders and reducing the number of probationary sentences.[4/] The introduction of the Tax Table at U.S.S.G. § 2T4.1 has helped to achieve this goal by placing defendants with the same tax loss at the same initial offense level prior to any adjustments. See **United States v.**

---

[3/] The facts, however, indicate that badges of fraud existed and still exist to this day. See <u>United States v. Bertie</u>, 529 F. 2d 506 (9th Cir. 1976). In <u>Bertie</u>, Judge Anthony Kennedy noted five well recognized indices of fraud: 1) inadequate consideration; 2) close relationship between the transferor and the transferee; 3) heavy debt at the time of the transfer; 4) lawsuits by creditors imminent at the time of the transfer; and 5) transferor continued to have possession and control of the transferred property. Here, all of badges appear to be present with respect to the transfer of the business to the ex-spouse.

[4/] The sections of the guidelines applicable to tax offenses were "intended to reduce disparity in sentencing for tax offenses[,] ... to somewhat increase average sentence length," and to reduce "the number of purely probationary sentences." U.S.S.G. § 2T1.1, cmt. background.

Gov't Sentencing Mem.
(No. CR-07-00554-JF)                              7

**Cutler**, 2008 WL 706633 (2d Cir. Mar. 17, 2008) (the need for deterrence, and for imprisonment, increases as the tax loss increases, citing U.S.S.G. § 2T1.1 (background)).

The actual tax loss in this case is significant. The PSR places that amount at $163,418, which corresponds to a discretionary guidelines range of 12 - 18 months. Granting Chang leniency as a result of his using tax dollars to finance his gambling habit would reinforce the perception that high income defendants obtain favorable sentences, and would promote unwarranted disparity based upon socio-economic status. See **United States v. Harpst**, 949 F.2d 860, 863 (6th Cir. 1991); **United States v. Seacott**, 15 F.3d 1380, 1389 (7th Cir. 1994).

Neither should Chang avoid substantial imprisonment based upon a claim that imprisonment would impede his ability to pay the tax debt. First, such an impediment is common to most defendants and thus is not an atypical factor warranting leniency. Second, such a result would clearly be bad policy. If prison sentences decreased as the amount of tax loss rose, the lesson would then be that the more you cheat, the more lenient your sentence. The opposite, however, should be true. See **Ture**, 450 F.3d at 359. Third, elevating the goal of collecting Chang's tax debt at the expense of imprisonment is inconsistent with the fact that the United States, which was the victim of defendant's crimes and would be the recipient of any tax payment, elected to prosecute this matter as a criminal case, not a civil case. Finally, given Chang's large income during the years at issue, any claim that he could not make substantial payments toward his tax liability should be viewed with skepticism.

### B.   Absence of Factors Warranting Leniency

Chang's family ties and responsibilities and status as a "semi-elderly" 61 year old do not warrant leniency. Chang's imprisonment certainly will not result in his family's impoverishment and there is no basis from which to conclude that Chang's imprisonment would negatively affect his family more than is typical in criminal cases. Indeed, given that Chang and his wife divorced to prevent the IRS collection of taxes from her income, that his son and daughter live on the east coast and none of his family, except his mother, reside locally, it is likely that any negative effect on his family would be less than is typical. Further, Chang's conviction has not negated his ability in the future to earn a living.

The fact that Chang started from humble beginnings to become a successful business person also does not warrant leniency. To the extent that Chang's background is even a mitigating factor, it is offset by his 6 year effort to escape paying taxes on the lucrative income received from his business.

Chang is not deserving of leniency based upon an argument that he used the tax dollar to fund his gambling problem. Indeed, while excessive gambling is serious problem there is little or no evidence that anyone but the IRS suffered a loss from Chang's gambling. Chang continued to operate his business, he paid the rent, he paid his employees, and he remarried during his gambling years.

_____.    "Sufficient, But Not Greater Than Necessary"

Section 3553(a) states that "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing. Application of the phrase "sufficient, but not greater than necessary" to a particular defendant's situation does not produce one single "correct" term of imprisonment, nor mandate a rule that a defendant should be sentenced at the bottom of a calculated range. That conclusion follows from the interdependence of a district courts' obligation to impose a sentence that is "sufficient, but not greater than necessary," and an appellate court's obligation to review sentences for reasonableness. Just as "reasonableness" is a range, not a single point, **United States v. Cunningham**, 429 F.3d 673, 679 (7th Cir. 2005), so is a sentence that is "sufficient, but not greater than necessary." For the reasons set forth above, a sentence of at least 12 months' imprisonment and a fine of at least $3,000 is by no means "greater than necessary" to achieve the purposes of sentencing as to defendant Chang.

**V.    Imposition of a Fine**

The fact that Chang remains liable for his civil tax obligations does not reduce the appropriateness of a substantial criminal fine. The two are distinct and have different purposes. See **United States v. Rosin**, 2008 WL 142037, No. 06-15538 (11th Cir. Jan. 16, 2008) (Because the goal of restitution is to compensate victims for their losses, while the goal of forfeiture is to punish, the fact that "[t]hat a defendant may ultimately be ordered to pay in restitution and

forfeiture more than he took is of little consequence").

Moreover, with respect to Title 26 offenses, restitution cannot be imposed as a direct part of the sentence; restitution with respect to Title 26 offenses can only be ordered as a condition of supervised release. Although the IRS may eventually collect on Chang's tax debt, civil tax collection sometime in the future will not promote deterrence in this criminal case now. Therefore, the United States urges the court to impose a fine of at least $3,000.

## VI. Conclusion

Criminal tax prosecutions play a vital role in our nation's tax system because our system of self-reported tax liability depends upon citizens' being assured that those who do not honestly report their income and pay their taxes will be appropriately punished. In the defendant Dominic Chang, the Court is presented with typical tax cheat. And it is the typical tax cheat that should be held accountable for crimes and not simply be released without consequences.

WHEREFORE, the United States respectfully urges the Court to punish defendant Chang by imposing a significant term of imprisonment and significant fine.

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney


/s/ Thomas Moore
THOMAS MOORE
Assistant United States Attorney
Tax Division